

By **October 9, 2020**, Defendants shall file a response letter, if any, in accordance with Individual Rule III.A.1.

**Innessa M. Huot**
ihuot@faruqilaw.com
October 6, 2020
**VIA ECF**

SO ORDERED

Dated:  October 7, 2020
        New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Centre Street, Courtroom 1106
New York, New York 10007

Re: *Molina, et al. v. Huaxcuaxtla Restaurant Corp., et al.*, No. 1:20-cv-2481-LGS-RWL

Dear Judge Schofield:

We represent Plaintiffs in the above-referenced action and write to respectfully request a pre-motion conference, pursuant to Section III(A)(1) of Your Honor's Individual Rules and Procedures for Civil Cases, in connection with Defendants' failure to comply with this Court's Order (ECF No. 48). Additionally, Plaintiffs respectfully request that the Court issue an Order equitably tolling the statute of limitations of the potential members of the FLSA Collective from August 21, 2020, through the expiration of the Court-approved notice period.

On September 22, 2020, Your Honor granted Plaintiffs' Motion for Conditional Certification of a Collective Action and ordered that Defendants produce contact information[1] for the potential members of the FLSA Collective, on or before October 2, 2020. ECF No. 48. Despite Plaintiffs' repeated attempts to obtain this information, Defendants have still not produced it – and have not even responded to multiple emails requesting same. Your Honor's Order also required Notices to be disseminated to the members of the FLSA Collective on or before October 9, 2020. *Id.* However, Plaintiffs are unable to disseminate Notices without first obtaining the Court-ordered contact information from Defendants.

Accordingly, Plaintiffs respectfully request that the Court compel Defendants to comply with its previous Order and immediately provide the contact information of the potential members of the FLSA Collective, or, in the alternative, schedule a pre-motion conference regarding the same.

Additionally, as this Court is aware, in collective actions under Section 216(b), employees are not members of the collective until they affirmatively opt-in. *Fonseca v. Dircksen & Talleyrand Inc.*, No. 13 Civ. 5124 (AT), 2014 WL 1487279, at *1 (S.D.N.Y. Apr. 11, 2014). Thus, until employees are given notice and are permitted to file consent forms to opt-in, the statute of limitations continues to run against them on a daily basis. *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997).

---

[1] Contact information includes names, last known home addresses, home and mobile telephone phone numbers, and email addresses. ECF No. 48.



Plaintiffs sought to protect the rights of the potential members of the FLSA Collective by promptly filing their motion for court-authorized notice on August 21, 2020. Courts in the Second Circuit "commonly" grant tolling from the date of the filing of the motion for conditional collective certification. *E.g.*, *Varghese v. JP Morgan Chase & Co.*, No. 14 CIV. 1718 (PGG), 2016 WL 4718413, at *11 (S.D.N.Y. Sept. 9, 2016); *Reyes v. NY F&B Servs. LLC*, No. 15CV2882-LTS-DCF, 2016 WL 796859, at *5 (S.D.N.Y. Feb. 22, 2016) (granting tolling from the filing of motion for conditional certification); *Schaefer v. M & T Bank Corp.*, 122 F. Supp. 3d 189, 198-99 (S.D.N.Y. 2015) (same); *Xiao Ling Chen v. XpresSpa at Term. 4 JFK, LLC*, No. 15 CV 1347 (CBA) (CLP), 2016 WL 11430475, at *10 (E.D.N.Y. Feb. 16, 2016) (same).

Accordingly, Plaintiffs respectfully request the Court issue an Order tolling the statute of limitations for the potential members of the FLSA Collective from August 21, 2020, the date Plaintiffs' filed their motion for conditional collective certification, through the expiration of the Court-approved notice period.

We thank Your Honor for the Court's time and attention to this matter.

Respectfully submitted,

Innessa M. Huot